UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SANTOS ELENA RUIZ-SOLANO,

           Petitioner,

v.

EILEEN RUSSELL,

           Respondent.

---

**MEMORANDUM & ORDER**
22-CV-02303 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Petitioner Santos Elena Ruiz-Solano, currently incarcerated at Bedford Hills Correctional Facility, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner pled guilty to one count of murder in the second degree in Suffolk County Supreme Court (the "County Court"), and was sentenced to a term of imprisonment of 15 years to life. *Id.* at 2. Petitioner's subsequent appeal to the New York Supreme Court, Appellate Division ("Appellate Division") was denied. *Id.* Petitioner's request for leave to appeal to the New York Court of Appeals was also denied. *Id.*

    Petitioner challenges her judgment of conviction and asserts that the Appellate Division violated her rights under the Fifth, Sixth, and Fourteenth Amendments by failing properly to assess whether: (i) Petitioner was deprived of the effective assistance of counsel in connection with her plea; (ii) Petitioner entered a plea that was knowing, voluntary, and intelligent; and (iii) the delay in proceedings deprived Petitioner of her right to a speedy trial. *Id.* at 10–11. Petitioner also claims that she is actually innocent, notwithstanding her guilty plea. *Id.* at 31. Respondent Eileen Russell, Superintendent of the Bedford Hills Correctional Facility, opposes the petition. For the reasons set forth below, the petition is denied.

## BACKGROUND

On February 25, 2014, a grand jury indicted Petitioner on two related counts of murder in the second degree. ECF No. 8-3 ("State Record" or "S.R.") at 60. The indictment charged Ms. Ruiz-Solano with causing the death of her newborn daughter. *Id.* at 60–61; *see also* ECF No. 8-1 (Plea Transcript) at 10–11.

On January 26, 2017, Petitioner pled guilty to one count of murder in the second degree. ECF No. 8-1 at 1; S.R. at 10. On March 2, 2017, she was sentenced to the bargained-for term of imprisonment of 15 years to life. S.R. at 10. On March 2, 2017, Petitioner's counsel filed a notice of appeal from the judgment of conviction. S.R. at 117.[1] On appeal, Petitioner contended that her plea of guilty was not knowing, voluntary, and intelligent. S.R. at 16. On November 25, 2020, the Appellate Division affirmed the conviction. S.R. 16–17; *see also People v. Ruiz-Solano*, 132 N.Y.S.3d 828 (N.Y. App. Div. 2020). The Appellate Division held, among other things, that: (i) Petitioner failed to preserve her claim because she did not move to vacate her plea or raise the issue before the County Court; (ii) the "record as a whole affirmatively demonstrates that the defendant entered her plea of guilty, knowingly, voluntarily, and intelligently"; (iii) nothing in the plea allocution casts doubt on her guilt; and (iv) by pleading guilty Petitioner "forfeited appellate review of her claims of ineffective counsel that did not directly involve the plea bargaining process and sentence." *Id.* Petitioner subsequently sought leave to appeal, but on January 28,

---

[1] On December 18, 2019, Ms. Ruiz-Solano applied for resentencing pursuant to the Domestic Violence Survivors Justice Act, N.Y. Crim. Proc. Law § 440.47(1). S.R. at 7. The act, signed into law on May 14, 2019, "codifie[d] sentence reductions for domestic abuse survivors." S.R. at 117. On August 25, 2021, Petitioner submitted an application for resentencing, and on September 9, 2021, the Court deemed her eligible to apply and assigned her counsel. S.R. at 122–123. The Court is unaware of the status of that application.

2021, the New York Court of Appeals denied the application. S.R. at 117; *see also People v. Ruiz-Solano*, 164 N.E.3d 954 (N.Y. 2021).

On April 22, 2022, Petitioner timely filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent submitted an opposition on August 31, 2022, ECF No. 6, and on September 12, 2022, Petitioner filed a reply. ECF No. 11.

## STANDARD OF REVIEW

*A.    Deferential Standard of Review*

Federal courts apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), to determine whether a petitioner in state custody is entitled to a writ of habeas corpus. It provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

A state court decision is "contrary to" clearly established federal law only if "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court" or, "when presented with facts that are materially indistinguishable from a relevant Supreme Court precedent," the state court arrived at a different result. *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013).[2] The writ may also be granted if a state court decision is an "unreasonable

---

[2]    Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

application" of clearly established federal law, meaning "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Nevertheless, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).

Apart from a state court's adjudication of a claim that was an unreasonable or contrary application of federal law, a district court may grant a writ of habeas corpus when the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The state court's determination of the facts is presumed to be correct, however, and the petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.   *Exhaustion Requirement and Procedural Default*

A district court shall only review a writ of habeas corpus if "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Second Circuit has adopted a "two-stage inquiry for determining whether the requisite exhaustion has occurred." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981).

First, the petitioner must have fairly presented her "federal constitutional claim to an appropriate state court." *Id*. "A federal habeas petitioner may fairly present to the state courts the constitutional nature of [her] claim, even without citing chapter and verse of the Constitution by stating [her] constitutional claim clearly enough so that a court can easily discern its basis." *Christopher v. Connolly*, No. 06-cv-1575, 2013 WL 1290810, at *7 (E.D.N.Y. Mar. 28, 2013). However, the state court claim must have raised "[the same] factual and . . . legal premises" as the

4

federally asserted claim, and have been presented in a way that was "likely to alert the [state] court to the claim's federal nature." *Daye,* 696 F.2d at 191–92.

Second, after "having presented [her] federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Klein,* 667 F.2d at 282. "Although a petitioner need not petition the United States Supreme Court by writ of certiorari, the state prisoner must fairly present [her] federal constitutional claims to the highest state court having jurisdiction over them." *O'Neal v. New York*, 465 F. Supp. 3d 206, 214–15 (E.D.N.Y. 2020). "Specifically, petitioner must have set forth in state court all of the essential factual allegations asserted in [her] federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.* at 215; *see also Daye*, 696 F.2d at 192 ("The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court."). If petitioner has done so, and relief is denied, petitioner "thereupon unsuccessfully employs all the state appellate procedures available for review of such denial" and "satisf[ies] the exhaustion requirement." *Klein*, 667 F.2d at 282.

Finally, "[a] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. This is an important corollary to the exhaustion requirement. Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting [her] federal claims has deprived the state courts of an opportunity to address the merits of those claims in the first instance." *Davila v. Davis*, 582 U.S. 521, 527–28 (2017).

5

**DISCUSSION**

In the instant proceeding, Petitioner is challenging her conviction by asserting constitutional violations under the Fifth, Sixth, and Fourteenth Amendments in three claims: (i) that she was deprived of the effective assistance of counsel in connection with her guilty plea because counsel allegedly failed to discuss with her a partial defense to the charges, ECF No. 1 at 27–32; (ii) that her plea was not knowing, voluntary, and intelligent, *id.* at 19–25; and (iii) that the three-year period between her arrest and sentencing violated her right to a speedy trial, *id.* at 25–27. Petitioner also claims that she is actually innocent of the murder charge, notwithstanding her guilty plea. *Id.* at 31. Respondent counters that the writ should be denied because "[n]one of the grounds Petitioner now raises . . . present a basis for habeas relief." ECF No. 6 at 3. For the reasons specified in detail below, the Court finds that Petitioner's claims are either unexhausted or procedurally barred. Additionally, the Court concludes that Petitioner has not met her burden to establish that the state court proceedings were contrary to "clearly established" federal law, or that the state court unreasonably determined the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

**I.    Petitioner's Ineffective Assistance of Counsel Claim is Unexhausted and Meritless**

Petitioner asserts that she was denied her Sixth Amendment right to effective counsel in connection with her guilty plea because counsel allegedly failed to discuss with her the partial defense of extreme emotional disturbance. ECF No. 1 at 40–45. The Appellate Division did not rule on the merits of her claim, and instead found that Petitioner needed to file a "motion pursuant to CPL § 440.10" to seek review at the state level. *Ruiz-Solano*, 132 N.Y.S.3d at 829 ("To the extent that the defendant's contention relates to alleged ineffective assistance that directly involves the plea negotiation process and sentence, it is based on matters outside the record on appeal. The

6

appropriate vehicle for review of such a contention is a motion pursuant to CPL 440.10."). Since this Court has not been made aware of such a filing and neither party has indicated whether a New York Criminal Procedure Law § 440.10 motion was filed, the Court concludes that Petitioner's ineffective assistance of counsel claim is unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A); *Klein*, 667 F.2d at 282 (finding that petitioner must have presented federal constitutional claim to appropriate state court).

Nevertheless, "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This Court, therefore, also finds that Petitioner's ineffective assistance of counsel claim lacks merit. To succeed on an ineffective assistance of counsel claim, a petitioner must show "that counsel's performance was deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When assessing the performance of counsel, courts should be "highly deferential" and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689–90. "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. The *Strickland* test for "evaluating ineffective assistance of counsel claims applies in the context of guilty pleas." *United States v. Coffin*, 76 F.3d 494, 498 (2d Cir. 1996).

Extreme emotional disturbance ("EED") is a partial affirmative defense to murder in the second degree in New York. *See* N.Y. Penal Law § 125.25(1)(a). To support an EED defense, a defendant must "demonstrate the existence of mitigating factors which indicate that, although [s]he is not free from responsibility for h[er] crime, [s]he ought to be punished less severely by

7

reducing the crime upon conviction to manslaughter in the first degree." *People v. Casassa*, 404 N.E.2d 1310, 1314 (N.Y. 1980). Petitioner asserts that "counsel inexplicably failed to explain to Petitioner or present to the court" that possible defense. ECF No. 1 at 44. However, Petitioner's claim is unsubstantiated, and she has failed to meet her burden to show that counsel provided "deficient" representation in connection with her plea. The available evidence suggests that counsel made a "strategic choice[] . . . after thorough investigation of law and facts relevant to plausible options," and decided an EED defense would not be advisable. *Strickland*, 466 U.S. at 690 (finding that strategic choices are "virtually unchallengeable"). Petitioner's counsel employed a forensic psychiatrist to investigate and determine the strength of an emotional disturbance defense. ECF No. 6 at 24; ECF No. 7-2 (Ex Parte Motion of the Defendant for an Order to Employ a Qualified Psychologist dated May 2, 2017); ECF No. 9-2 (Forensic-Psychiatric Evaluation discussing EED and potential applicability to Petitioner's case). Despite several unfavorable conclusions in the expert's evaluation, including that Petitioner was of "questionable credibility," Petitioner's counsel effectively negotiated with the prosecution and obtained an offer of the minimum permitted sentence for a second-degree murder charge. ECF No. 6 at 25. Thereafter, Petitioner pled guilty to one of the two charged counts of murder in the second degree, which carries an indeterminate sentence of imprisonment ranging from a minimum of 15 to 40 years to life. Petitioner ultimately received a bargained-for sentence of 15 years to life. *Id.* Petitioner has failed to come forward with any evidence indicating that counsel "misunderstood the nature of the [EED] defense or failed to consider the evidence necessary to establish the defense." *Girodano v. Brann*, No. 21-cv-7623, 2022 WL 2316436, at *5 (S.D.N.Y. June 28, 2022). Accordingly, since there is nothing in the record that would permit the Court to conclude

that counsel's conduct in connection with the guilty plea was objectively unreasonable, this claim is alternatively denied on the merits.

**II.     Petitioner's Contention That Her Plea Was Not A Knowing, Voluntary, Intelligent Plea Is Procedurally Barred**

Petitioner asserts that the Appellate Division's adjudication of her claim that the guilty plea was not knowing, voluntary, and intelligent violated the Fifth, Sixth and Fourteenth Amendments. ECF No. 1 at 32–38. The Court finds that Petitioner's claim is barred pursuant to an independent and adequate state procedural rule because she defaulted by failing to preserve the issue for state appellate review, and she has not demonstrated any cause for the default.

The law is clear that where "a state prisoner has defaulted [her] federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). "Pursuant to N.Y. Crim. Proc. Law § 470.05, [i]n order to preserve a challenge to the factual sufficiency of a plea allocation there must have been a motion to withdraw the plea . . . or a motion to vacate the judgment of conviction." *Loucks v. Capra*, No. 16-cv-3115, 2019 WL 4921722, at *13 (S.D.N.Y. Mar. 28, 2019).

Here, the Appellate Division stated that Petitioner failed to preserve this issue for appellate review because "she did not move to vacate her plea or otherwise raise the issue before the County Court." *Ruiz-Solano*, 132 N.Y.S.3d at 828. Petitioner's failure to preserve arguments concerning the factual sufficiency of her plea is fatal to her claim. *See Palaez v. Capra*, No. 14-cv-5471, 2023 WL 1820995, at *4 (E.D.N.Y. Feb. 8, 2023) ("N.Y. Crim. Proc. Law § 470.05(2) requires that a question of law is presented for appellate review only when a party registers disagreement with a

9

lower court's ruling at the time or at any subsequent time when the court had an opportunity of effectively changing the same."); *see also People v. Lopez*, 525 N.E.2d 5, 6 (N.Y. 1988) ("In order for there to be a question of law reviewable by this court, the trial court generally must have been given an opportunity to correct any error in the proceedings below at a time when the issue can be dealt with most effectively."). This preservation requirement has long been recognized by federal courts as an adequate and independent state procedural rule. *See Liggan v. Senkowski*, 652 F. App'x 41, 43 (2d Cir. 2016) (holding that "New York's contemporaneous objection rule is an independent and adequate state law ground that is firmly established and regularly followed"); *Wilens v. Superintendent of Clinton Corr. Facility*, No. 11-cv-1938, 2014 WL 28995, at *7 (E.D.N.Y. Dec. 31, 2013).

  After a finding of default based on an adequate and independent state law ground, the burden shifts to Petitioner to prove that there was "cause for the default and actual prejudice as a result of the alleged violation of federal law, or to demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 724. To establish cause for the default, Petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022). To show prejudice, a petitioner "must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Garner v. Lee*, 908 F.3d 845, 861–62 (2d Cir. 2018).

  Petitioner asserts that ineffective assistance of counsel is the cause for her default. ECF No. 11-1 at 5. While "attorney ignorance or inadvertence cannot excuse procedural default," a claim of ineffective assistance of counsel that rises to a constitutional error may be an external

10

factor excusing default. *Shinn*, 142 S. Ct. at 1733. As discussed previously, however, *see supra* Section I, defense counsel was not unconstitutionally ineffective. Accordingly, no cause or prejudice can be shown.[3]

"[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990). Here, although the Appellate Division reached the merits of Petitioner's claim, *see Ruiz-Solano*, 132 N.Y.S.3d at 828–29 (stating that "there was nothing in [Petitioner's] plea allocution that would cast doubt on her guilt or otherwise call into question the voluntariness of her plea"), it expressly relied on a procedural default as an independent and adequate state ground. Accordingly, federal habeas review of Petitioner's claim that she was denied her constitutional right to due process because her plea was not knowing, voluntary, and intelligent is foreclosed.

### III. Petitioner's Speedy Trial Claim is Unexhausted and Procedurally Barred

Petitioner's claim that she was denied the constitutional right to a speedy trial was not presented to the Appellate Division and is therefore unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) ("[A] writ of habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State."); *see also Klein*, 667 F.2d at 282 (holding that

---

[3]   Petitioner argues that because she was a non-citizen "who did not speak English inured to her prejudice and detriment." ECF No. 1 at 40. The Court finds this argument unpersuasive in light of the fact that Spanish-language interpreters were present at her plea hearing, sentencing, and during her presentence report interview. ECF Nos. 8-1 at 1; 8-2 at 1; 9-1 at 5.

11

petitioner must have fairly presented the "federal constitutional claim to an appropriate state court"); ECF No. 8-3 at 39–56 (Petitioner Supplemental Brief submitted to Appellate Division).

However, Petitioner's failure to raise a speedy trial claim during her first appeal results in a default because New York law allows a defendant only one direct appeal. *See Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (holding that New York procedural rules "plainly bar" petitioner from raising claims because he did not raise them when he "made the one request for leave to appeal to which he is entitled"); N.Y. Crim. Proc. Law § 440.10(2)(c) (barring review if claim could have been raised on direct review). Petitioner already made a direct appeal, which was decided on November 25, 2020. ECF No. 1 at 2. "If a state prisoner has failed to exhaust state court remedies with respect to a claim, but no longer has a procedure to raise the claim in state court, the federal courts deem the claims exhausted, but procedurally defaulted." *Smith v. Johnson*, No. 21-cv-316, 2022 WL 4586305, at *7 (E.D.N.Y. Sept. 29, 2022). Accordingly, since the speedy trial claim is procedurally defaulted, this Court is prevented from reaching the merits of the claim. *Coleman*, 501 U.S. at 724.

Petitioner again argues that default should be excused for cause and actual prejudice. ECF No. 11-1 at 8. As discussed previously, *see supra* Sections I and II.A, Petitioner's unmeritorious ineffective assistance of counsel claim cannot be used as "cause" for noncompliance with procedural hurdles.

### IV. Petitioner's Claim of Actual Innocence Does Not Excuse Her Procedural Defaults

Because Petitioner has been unable to establish the "cause and prejudice sufficient to excuse" her procedural defaults, *see supra* Sections II and III (explaining how Petitioner defaulted on her plea and speedy trial claims by failing to preserve the arguments for appeal), Petitioner asks this Court to excuse her procedural defaults in light of her assertion of actual innocence. ECF No.

12

1 at 31. Petitioner may obtain review of procedurally barred claims that do not meet the "cause and actual prejudice" standard "only if [s]he falls within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 314–315 (1995); *see also Coleman*, 501 U.S. at 724 (holding that when a state prisoner has procedurally defaulted, federal habeas review is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In other words, Petitioner's procedural defaults may be overcome if she proves actual innocence because a failure to consider a tenable actual innocence claim is a "miscarriage of justice." *Id.* However, "tenable actual-innocence gateway pleas are rare: [a] petitioner does not meet the threshold requirement unless [s]he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." *Id.*; *see also Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (holding that claim of actual innocence may only provide a gateway through procedural barriers to habeas relief if it is "credible" and "compelling"). "For the claim to be credible, it must be supported by new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Rivas,* 687 F.3d at 541. "For the claim to be compelling, the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find [her] guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."

*Id.* While the actual innocence test "does not require absolute certainty about the petitioner's guilt or innocence," it is "demanding and permits review only in the extraordinary case." *Id*. at 542.

This is not such an extraordinary case. Petitioner's argument relies on her professions of innocence, and the supposed lack of physical evidence. She argues that "at her first opportunity to do so," during her presentence interview, she "pronounced her innocence of the charges." ECF No. 1 at 37. Petitioner states that she was completely surprised when "the trial court informed her that she would not be able to challenge her conviction or sentence in any manner," but that counsel took her off the record and obtained her waiver. *Id.* Petitioner further argues that the state never established the exact manner of death of her child at the plea hearing and that it was only raised at her sentencing hearing, after her expression of innocence during the presentence interview. *Id.* at 37–38.

As established previously, actual innocence may only provide a gateway through procedural barriers if the claim is "credible" and "compelling," and Petitioner fails to meet both criteria. *Rivas*, 687 F.3d at 541. Petitioner does not establish a credible claim because the evidence presented is neither "new" nor "reliable." Courts within the Circuit have held that facts available to a petitioner at the time of a guilty plea do not qualify as new evidence. *Yong Suk Howang v. United States*, No. 17-cv-6254, 2019 WL 1988490, at *10 (S.D.N.Y. Apr. 19, 2019), *report and recommendation adopted*, 2019 WL 1988490 (S.D.N.Y. May 6, 2019). Petitioner's current assertion of innocence contradicts the statement she made, under oath, at the time of her plea before the County Court. *See* ECF No. 8-1 (Plea Transcript) at 10–11 ("MS. NEWCOMBE: In the early morning hours of February 16, 2014, did you give birth within that house? THE DEFENDANT: Yes. . . . MS. NEWCOMBE: And following the birth of that baby girl, did you cause her death by inflicting blunt force trauma to her head? THE DEFENDANT: Yes. MS.

14

NEWCOMBE: And do you admit that, in fact, caused her death? THE DEFENDANT: Yes."); *see also Pluff v. Superintendent*, No. 18-cv-914, 2021 WL 4463557, at *4 (N.D.N.Y. Sept. 8, 2021) (finding that "statements made during a plea allocution carry a strong presumption of verity"), *report and recommendation adopted*, 2021 WL 4458823 (N.D.N.Y. Sept. 29, 2021). Moreover, Petitioner's assertion of innocence was also explored and considered by the County Court at the time of Petitioner's sentencing. The County Court noted that Petitioner told probation during her presentence interview that "she did not cause the fractures to the baby and was not thinking when she put the baby in the bag." ECF No. 8-2 at 3. The County Court inquired further, directly addressed Petitioner, and asked her whether she committed the crime she was charged with, and Petitioner again admitted guilt:

> THE COURT: . . . Ms. Ruiz Solano, when you took a plea in this case, you indicated to the court, to the district attorney and to your own attorney, that you killed this baby by, by fracturing the baby's skull, by hitting the baby's skull on an object. The side of the toilet, some type of hard object. Is that my understanding of the medical examiner's examination of the baby?
> MS. NEWCOMBE: Yes, your Honor.
> THE COURT: Did you do that, or not?
> THE DEFENDANT: Yes.
> THE COURT: So you caused the baby's death by hitting the baby's head on a hard object when the baby was born, is that what you're telling me?
> THE DEFENDANT: Yes.
> THE COURT: Yes?
> THE DEFENDANT: Yes.
> . . . .
> THE COURT: Does she wish to say anything before I sentence her?
> THE DEFENDANT: I just want to apologize. Because I haven't said anything. I haven't talked to anybody, but I apologize. That's it.

*Id.* at 5, 7. The record reflects that Petitioner's assertion of innocence is not new evidence or reliable evidence because it was available to Petitioner at the time of her guilty plea and at her sentencing. *Yong Suk Howang*, 2019 WL 1988490, at *10 (S.D.N.Y. Apr. 19,

2019). With no new or reliable evidence, Petitioner cannot satisfy the "credible" prong, and her actual innocence claim must fail. *Rivas*, 687 F.3d at 541.[4]

Although it does not need to reach this issue, the Court also finds that Petitioner's actual innocence claim is not "compelling." In order for Petitioner's claim to be compelling, she must prove "no reasonable juror would find [her] guilty beyond a reasonable doubt." *Rivas*, 687 F.3d at 541. Petitioner admitted her culpability at her plea and sentencing hearings. ECF No. 8-1 at 11; ECF No. 8-2 at 5. While true that Petitioner asserted her innocence to probation at her presentence interview, on the record before it, the Court finds that Petitioner has failed to demonstrate that no reasonable juror would find her guilty beyond a reasonable doubt. At the time of her arrest, Petitioner told detectives that she gave birth on the toilet around 3:00AM, fainted, and when she woke up, the baby was face down in the toilet. She proceeded to place the baby in a towel and bag. ECF No. 7-1 at 5–6. She further admitted that she called her husband for help around 7:30AM, over four hours later. When Petitioner's husband arrived, she asked him to grab "two plastic bags," but did not tell him that the baby was inside one of them. ECF No. 7-1 at 11. She was driven to the hospital and told her husband the plastic bags were "garbage." *Id.* Petitioner later admitted to nurses that the baby was in one of the bags. *Id.* The sealed

---

[4] Petitioner argues that because the manner of death was not established at her plea allocution, the County Court's introduction of a possible manner of death—the "toilet seat theory" serves as "new" evidence. ECF No. 1 at 37–38; *see also* ECF No. 8-2 at 5 ("Ms. Ruiz Solano, when you took a plea in this case, you indicated to the court, to the district attorney and to your own attorney, that you killed this baby by, by fracturing the baby's skull, by hitting the baby's skull on an object. The side of the toilet, some type of hard object. Is that my understanding of the medical examiner's examination of the baby?"). The Court disagrees. The information from the medical examiner regarding the manner of death "was discoverable and available at the time Petitioner accepted the plea deal. Had Petitioner chosen to go to trial, [she] could have used it in [her] defense. What therefore prevented Petitioner from introducing this evidence to a jury was Petitioner's choice to accept [her] plea deal. . . ." *Germain v. Racette*, No. 13-cv-1530, 2015 WL 7573225, at *5 (N.D.N.Y. Nov. 25, 2015). This evidence is therefore not new, and, in any event, does not "undermine[] the evidence supporting" Petitioner's guilt including her own admissions of guilt at her plea and sentencing hearings. *Rivas*, 687 F.3d at 543.

16

presentence report and psychiatric evaluation submitted by Respondent with its opposition, ECF Nos. 9-1, 9-2, also reveal several material inconsistencies in Petitioner's testimony regarding knowledge of her pregnancy, the baby's birth, and the manner of death. In light of these inconsistencies and the evidence presented, the Court finds that Petitioner has failed to demonstrate that no reasonable juror would find her guilty beyond a reasonable doubt. Accordingly, Petitioner's procedural defaults are not overcome by her claim of actual innocence.

## CONCLUSION

For the foregoing reasons, the Court dismisses the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with prejudice.

The Court finds that Petitioner failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability ("COA") shall not issue. *See* 28 U.S.C. § 2253(c)(2). Any additional request for a COA must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                     HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
        April 26, 2023